UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERY JOHNSON,                ) | |
|                              ) | |
|   Plaintiff,                 ) | |
|                              ) | |
|   v.                         ) | 17-CV-4101 |
|                              ) | |
| JAMES CHRIS CLAYTON,         ) | |
| et al.,                      ) | |
|                              ) | |
|                              ) | |
|   Defendants.                ) | |
|                              ) | |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C.

§ 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that Defendant Clayton retaliated against him for Plaintiff's lawsuit against Defendant Clayton and others filed on September 28, 2016, Johnson v. Clayton, 16-cv-4204 (C.D. Ill.), and also for grievances Plaintiff has filed. The retaliation includes terminating Plaintiff from his jobs at the facility, placing Plaintiff in a "suicide cell" while on special management status, refusing Plaintiff the sunglasses he needs when he has migraines, refusing to turn off the lights when Plaintiff has migraines, removing the dayroom television, and placing a curtain over Plaintiff's door window so Plaintiff could not see out. Defendants Kunkel and Scott have allegedly condoned or approved of this retaliation. Plaintiff

seeks to preserve video footage "of the plaintiff inside and outside the infirmary room # 5 cell from March 30, 2017-April 7, 2017" and the video footage of "fox 2-wing in front of 12 cell while [Plaintiff's] property was being removed on March 31, 2017, at approximately 2:30 p.m. [un]til the property was all out." (Compl. p. 16.)

Plaintiff's allegations state a plausible First Amendment retaliation claim. Defendants Scott and Kunkel cannot be held liable solely because they are in charge or because they believed Defendant Clayton over Plaintiff. Burks v. Raemisch, 555 F.3d 592 (7th Cir. 2009)("Public officials do not have a free-floating obligation to put things to rights, . . . ."); Soderbeck v. Burnett County, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest superior . . . ."). However, that determination would be premature.

Plaintiff also pursues a state law claim for the intentional infliction of emotional distress. To state a claim for the intentional infliction of emotional distress, Plaintiff's alleged facts must allow a plausible inference that: 1) Defendants engaged in "truly extreme

and outrageous conduct"; 2) Defendants intended to cause extreme emotional distress or knew extreme emotional distress was highly probable; and, 3) Plaintiff actually suffered severe emotional distress. <u>Feltmeier v. Feltmeier</u>, 207 Ill.2d 263, 268-69 (2003). The conduct must be extreme and outrageous, intended to inflict emotional distress and in fact inflicting emotional distress so severe that "'no reasonable man could be expected to endure it.'" <u>McGreal v. Orland Park</u>, 850 F.3d 308, 315 (7th Cir. 2017)(quoted cite omitted). Plaintiff's claims arise from actions taken by Clayton within the scope of his employment, actions which form a routine part of Clayton's job if performed for legitimate reasons. On these allegations, Plaintiff states no claim for the intentional infliction of emotional distress.

**IT IS ORDERED:**

    1.   Plaintiff's petition to proceed in forma pauperis is granted (3). Pursuant to a review of the Complaint, the Court finds that Plaintiff states a First Amendment claim for retaliation against him for Plaintiff's lawsuit and grievances. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on

motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said

Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

    6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. **Plaintiff's motion for the Court to appoint counsel is denied (5),** with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. Plaintiff attaches letters, but they are all dated before the incidents giving

rise to his claims in this case.  Plaintiff must attempt to obtain counsel for each new case he files.

**11.  Defendant Scott is directed to cause to be preserved the following video recordings:   "of the plaintiff inside and outside the infirmary room # 5 cell from March 30, 2017-April 7, 2017" and the video footage of "fox 2-wing in front of 12 cell while [Plaintiff's] property was being removed on March 31, 2017, at approximately 2:30 p.m. [un]til the property was all out." (Compl. p. 16.)**

**12.  The clerk is directed to send this order to the Defendant Scott with paragraph11 highlighted.**

13.  **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

14.  **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED:  **April 27, 2017**

FOR THE COURT:

                             **s/Sue E. Myerscough**
                             SUE E. MYERSCOUGH
                     UNITED STATES DISTRICT JUDGE